# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**
No. 19-770C
(Filed: October 1, 2019)

| | |
|---|---|
| ROBERT FRANCIS, et al., ) | *Pro Se*; Dismissal for Lack of Subject |
| ) | Matter Jurisdiction; Rule 12(b)(1); |
| *Pro Se* Plaintiffs, ) | Jurisdiction is lacking over: Tort |
| ) | Claims, Damages for Discrimination |
| v. ) | and Retaliation under the Fair Housing |
| ) | Act, and Claims for Punitive Damages |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DISMISSAL

On May 16, 2019, plaintiffs, Robert Francis and Martha Francis, filed their complaint in this court challenging the conduct of the Department of Housing and Urban Development ("HUD"), as well as the conduct of the state of Ohio, the Ohio Department of Health, the city of Barberton, Ohio, and the city of Barberton's Water Department. Compl. at 1 (Doc. No. 1).[1] The court interprets the plaintiffs' complaint to allege that HUD and various agencies and officials from the state of Ohio failed to enforce the health and safety standards at their living facility and conspired to mislead United States senators about the condition of that facility. *Id.* Plaintiffs also allege that HUD and state agencies and officials discriminated and retaliated against the plaintiffs. *Id.* at 2.

---

[1] Plaintiffs' motion for leave to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED** for the limited purposes of this order.

On July 8, 2019, defendant, the United States ("the government") filed a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Mot. to Dismiss ("MtD") at 1 (Doc. No. 6). The government argues that this court does not have jurisdiction over the plaintiffs' claims because (1) this court does not have jurisdiction over defendants other than the United States, (2) to the extent that the plaintiffs allege tort claims, this court does not have jurisdiction over such claims, (3) to the extent that the plaintiffs' claims arise under retaliation or discrimination laws, this court does not have jurisdiction over those claims as well, and (4) to the extent that plaintiffs' allege punitive damages, punitive damages are not available in this court as a remedy.[2] As discussed in detail below, the court agrees with the government that this court does not have jurisdiction over the plaintiffs' claims, and therefore, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

I.   **FACTS**

Based on the complaint, the plaintiffs appear to have lived in a facility, the Akron Metropolitan Housing Authority ("AMHA"), which participates in HUD affordable

---

[2] Notwithstanding the fact that plaintiffs note that they "are herein filing a Motion For Leave To File An Amended Complaint," no such motion has been docketed. *See* Pl. Opp. at 1 (Doc. No. 7). Further, the plaintiffs' opposition to the motion to dismiss did not respond to any of the government's arguments. *Id.* On August 8, 2019, the government filed a reply in support of its motion to dismiss. Def.'s Reply at 1 (Doc. No. 8).

housing programs. *See generally* Compl. Plaintiffs allege that their building experienced many health and safety problems including poor construction, toxic molds, and lead in the drinking water. *Id.* at 3. The plaintiffs have made efforts over the course of several years to resolve the health and safety concerns. *Id.* Plaintiffs allege that government officials have failed to respond adequately to their health and safety concerns and that government officials misled United States senators about the condition of AMHA. *Id.* at 3. Plaintiffs seek compensation for injuries allegedly caused by the aforementioned health and safety conditions. *Id.* at 3, 7.

## II. LEGAL STANDARDS

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. and Ms. Francis, as plaintiffs, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 695 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). Although a plaintiff acting *pro se* is generally held to "less stringent standards" of pleading than those of a lawyer, *Mone v. United States*, 766 F. App'x. 979 (Fed. Cir. 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), this liberal standard does not extend to a *pro se* plaintiff's jurisdictional burden, which must be proven by a preponderance of the evidence, *Fid. & Guard. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1997).[3]

### III. DISCUSSION

#### A.   No Jurisdiction over Defendants other than the United States

Plaintiffs' complaint alleges claims against various defendants other than the United States. Specifically, the plaintiffs seek redress from several Ohio State officials, the state of Ohio, the Ohio Department of Health, the city of Barberton, Ohio, and the city of Barberton's Water Department. The government moves to dismiss many of these claims as beyond this court's jurisdiction. MtD at 4. The government argues that this court does not have jurisdiction over defendants other than the United States. *Id.* The

---

[3] The government argued in the alternative that the court should dismiss plaintiffs' complaint for failure to state a claim under RCFC 12(b)(6). The court does not address this argument, as it dismisses this case for lack of subject matter jurisdiction under RCFC 12(b)(1).

court agrees with the government. It is well settled that this court only has jurisdiction over claims against the United States. *See Rick's Mushroom Serv. Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("the plaintiff must . . . identify a substantive source of law that creates the right to recovery of money damages *against the United States*.") (emphasis added); *Jiron v. United States*, 118 Fed. Cl. 190, 198 (2014) (stating that the United States is the only proper defendant in the Court of Federal Claims). As such, to the extent that the plaintiffs' complaint challenges actions by several Ohio State officials, the state of Ohio, the Ohio Department of Health, the city of Barberton, Ohio, and the city of Barberton's Water Department, the claims against defendants other than the United States must be dismissed.

### B.     No Jurisdiction over Tort Claims

Plaintiffs allege that HUD and various agencies failed to enforce the health and safety standards for their living facility and conspired to mislead United States senators about the condition of that facility. Comp. at 1. The government moves to dismiss those claims as beyond this court's jurisdiction on the grounds that this court does not have jurisdiction over tort claims. Mtd at 4-5. The court agrees with the government. Plaintiffs' claims for failure to enforce health and safety standards are properly construed as claims for negligence, fraud, or other wrongful conduct. *See Wright v. United States*, 95 F. Supp. 943 (Ct. Cl. 1951) (finding government employees negligent for failure to enforce health and safety standards in government operated building). This court does not have jurisdiction over claims for negligence, fraud, or other wrongful conduct. Instead, such claims must be commenced in the district courts. 28 U.S.C. § 1346 (b)(1); *see also U.S.*

5

*Marine, Inc. v. United States*, 722 F.3d 1360, 1372 (Fed. Cir. 2015) (finding that the Court of Federal Claims does not have jurisdiction over tort claims). Plaintiffs' claims sounding in tort must be dismissed.

### C.   No Jurisdiction over Fair Housing Act ("FHA") Violations

Plaintiffs also allege health and safety concerns, such as poor construction and toxic molds, in their housing facility, and claim that these physical conditions were not taken care of because of discrimination under the FHA. *See* Compl. at 3. Plaintiffs further allege retaliation under the FHA. *Id.* The government moves to dismiss these claims as beyond this court's jurisdiction, arguing that this court does not have jurisdiction over claims arising under the FHA. MtD at 5. The court agrees with the government. The FHA prohibits discrimination in housing practices on the basis of race, religion, national origin, gender, disability, and familial status. 42 U.S.C. § 3604. The FHA also prohibits retaliation against a person for seeking to enforce his or her rights under the FHA. *Id.* § 3617.

This court does not have jurisdiction to hear claims under the FHA. The FHA directs any aggrieved person to "commence a civil action in an appropriate United States district court or State court." 42 U.S.C. § 3613. When a statute provides for its own judicial remedies, that specific remedial scheme establishes the exclusive framework for liability. *United States v. Bormes*, 568 U.S. 6, 12 (2012). As such, this court does not have jurisdiction over Plaintiffs' claims brought under the FHA.

### D. No Jurisdiction over Punitive Damages

Finally, plaintiffs seek punitive damages for insults allegedly inflicted on them. *See* Compl. at 8. The government moves to dismiss this claim for lack of subject matter jurisdiction, contending that punitive damages are not recoverable under the Tucker Act. MtD at 6. The court agrees with the government. It is well established that punitive damages are not recoverable under the Tucker Act. 28 U.S.C. § 1491(a)(1); *see also Rig Masters, Inc. v. United States*, 42 Fed. Cl. 369, 373 (1998) ("punitive damages" are "not available in this court."). As a result, plaintiffs' claim for punitive damages must be dismissed.

### CONCLUSION

Because this court does not have subject matter jurisdiction over any of the claims in the plaintiffs' complaint, the government's Motion to Dismiss is **GRANTED**. The Clerk of Court is directed to dismiss the plaintiffs' Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge